1   Joel P. Kelly (SBN 100716)
    JACKSON LEWIS LLP
2   725 South Figueroa Street, Suite 2500
    Los Angeles, California 90017-5408
3   Telephone: (213) 689-0404
    Facsimile: (213) 689-0430
4   Email: kellyj@jacksonlewis.com

5   Nikki L. Wilson (SBN 218744)
    JACKSON LEWIS LLP
6   5000 Birch Street, Suite 5000
    Newport Beach, CA 92660
7   Tel.: (949) 885-1360
    Fax.: (949) 885-1380
8   Email: wilsonn@jacksonlewis.com

9   Attorneys for Defendants
    INGERSOLL-RAND COMPANY and INGERSOLL-RAND
10  INDUSTRIAL REFRIGERATION, INC.

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  TOM EVANS,                          CASE NO.: ED CV11-01065 VAP (DTBx)

15              Plaintiff,

16       vs.                            NOTICE OF REMOVAL OF
                                        ACTION TO THE UNITED
17                                      STATES DISTRICT COURT FOR
    INGERSOLL-RAND COMPANY;             THE CENTRAL DISTRICT OF
18  INGERSOLL-RAND INDUSTRIAL           CALIFORNIA under U.S.C. § 1441
    REFRIGERATION, INC.; and DOES 1 through   (b) (DIVERSITY)
19  20, INCLUSIVE,
                                        (Filed concurrently with Civil
20                                      Cover Sheet, Declaration of Jorge
                                        Martinez, Declaration of Nikki
21              Defendants.             Wilson, Declaration of Scott
                                        Tuszkiewicz, Notice of Interested
22                                      Parties, and Certificate Of Service
                                        Of Notice To Adverse Party Of
23                                      Removal To Federal Court And
                                        Related Documents)
24

25

26

27

28

CASE NO.:                    1        NOTICE OF REMOVAL OF ACTION (DIVERSITY)

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    CENTRAL DISTRICT OF CALIFORNIA:

3    PLEASE TAKE NOTICE that Defendants INGERSOLL-RAND COMPANY and

4    INGERSOLL-RAND INDUSTRIAL REFRIGERATION, INC. ("Defendants") hereby

5    invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 (b)

6    and remove this action from state court to federal court pursuant to 28 U.S.C. § 1446(b)

7    In support thereof, Defendants assert:

8

9    1.    On February 8, 2011, Plaintiff Tom Evans (hereinafter "Plaintiff") Plaintiff filed an

10   Unverified Complaint in the Superior Court of the State of California for the County of

11   San Bernardino, entitled *"Tom Evans, an individual, Plaintiff, v. Ingersoll-Rand*

12   *Company; Ingersoll-Rand Industrial Refrigeration, Inc.; and DOES 1 thorough 20,*

13   *Inclusive, Defendants"* and designated as Case No. CIVRS 1101387 (the "Complaint").

14   2.    On April 6, 2011, Plaintiff served the Summons and the Complaint.  The state

15   court scheduled a case management conference for July 8, 2011.  A true and correct

16   copies of the Complaint is attached hereto as Exhibit "A."

17   3.    On May 6, 2011, Defendants filed their Answer to the Action, a true and correct

18   copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference.

19   4.    The Action purports to allege five causes of action against Defendants for (1) Age

20   Discrimination, (2) Race/National Origin Discrimination, (3) Failure to Prevent

21   Discrimination in Violation of Government Code §12940, (4) Intentional Infliction of

22   Emotional Distress, and (5) Termination in Violation of Public Policy.

23   5.    No other defendants are named in this Action and Defendants are informed and

24   believe that no other defendants have been served with process in this Action.

25   6.    The attached Exhibits "A", "B". "E", and "F" constitute all the documents filed in

26   this matter as of the date of filing this Notice of Removal.

27

28

| CASE NO.: | 2 | NOTICE OF REMOVAL OF ACTION (DIVERSITY) |

7.     The Action is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## DIVERSITY JURISDICTION

8.     At the time the Action was commenced, Plaintiff and Defendant Ingersoll-Rand Company [IR] were citizens of different states, as required for removal under 28 U.S.C. §1332.  Defendants are informed and believe and thereon allege that Plaintiff was, at the time of the filing of the Action and at the time of removal, a resident and citizen of the State of California, having both residence in the County of Orange and the intent to have his true, fixed home and principal establishment in the State of California.  (*See* Complaint, Exhibit A, page 7, ¶22).

9.     IR is an Irish public limited company with offices in Dublin, Ireland with its principal place of business in Davidson, North Carolina.  Ingersoll-Rand Company Fact Sheet, *available at* http://company.ingersollrand.com/aboutus/Pages/default.aspx   *See* Declaration of Scott Tuszkiewicz ("Tuszkiewicz Decl."), ¶ 4, Ex. A.   Accordingly, Ingersoll-Rand Corporation is a citizen of Ireland and North Carolina.   28 U.S.C. § 1332(a)(1);  *See Hertz v. Friend*, 130 S. Ct. 1181 (2010).

10.     Plaintiff was at all times an employee of Ingersoll-Rand Company and Hussmann Corporation:

     a.  There is a rebuttable presumption that the "employer," for purposes of an action under the FEHA (Government Code section 12940 et seq.) is the person or entity identified as the employer on the employee's Federal Form W-2.  *Government Code § 12928.*

     b.  Plaintiff's IRS Forms W-2 identifies his employer as "Ingersoll Rand Financial, Agent for: Ingersoll-Rand Climate." [Declaration of Jorge Marquez "Marquez

| CASE NO.: | 3 | NOTICE OF REMOVAL OF ACTION (DIVERSITY) |

Decl." ¶6, Exh. A.]  Ingersoll Rand Financial has no employees. [Tuszkiewicz Decl. ¶5] It is simply a payrolling entity that issues paychecks to all IR employees. [Id.]  Likewise, Ingersoll-Rand's Climate Control Sector is not a separate legal entity; rather, it is an unincorporated division of IR. [Id.]

      c. At the time of his termination, Plaintiff was a member of the Southern California Pipe Trades District Council 16 on Behalf of its Affiliated U.A. Local Union 250 ["Local 250"] [Marquez Decl. ¶7, Exh. B]

      d. Local 250 signed a collective bargaining agreement [CBA] on behalf of the Local 250 members working in the manufacturing operations located at 13770 Ramona Ave., Chino, California. [Marquez Decl. ¶8, Exh. C]  The CBA identified Hussmann Corporation as the employer of those Local 250 members working at the manufacturing operation located at 13770 Ramona Ave., Chino, California. [Marquez Decl. ¶¶8, 9, Exh. C]

      e. Plaintiff worked at the manufacturing operation located at 13770 Ramona Ave., Chino, California. [Marquez Decl. ¶9]

      f. Hussmann Corporation is a business of IR. [Tuszkiewicz Decl. ¶6]  The CBA is signed on behalf of Hussmann Corporation by Larry Parson, Vice President Employee & Labor Relations, Climate Control Sector, Ingersoll-Rand. [Marquez Decl., ¶8, Exh. C]

11.   Hussmann Corporation is incorporated in Missouri with its headquarters also located in Missouri. [Tuszkiewicz Decl. ¶ 6]

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12.   In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on each and every one of his claims and aggregate the damages for each claim. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092,

| CASE NO.: | 4 | NOTICE OF REMOVAL OF ACTION (DIVERSITY) |

1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability").

13.     For unspecified claims, the court should not look to the low end of the possible range of recovery, but make a reasonable assessment of the rights being litigated. *Angus v. Shiley Inc.* (3d Cir.1993) 989 F.2d 142, 146.

14.     The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  The Court may examine the nature of the action and the relief sought, and take judicial notice of awards in similar cases.  *See, e.g., Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F. Supp.2d 1029, 1035 (noting that attorney fees in individual employment cases often exceed damages).

15.     Defendants have a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional amount of this Court ($75,000.00) in the Action; notwithstanding the fact the Complaint does not specify the dollar amount of damages being sought.

    a. On May 6, 2011, Defendants served Plaintiff with a request for statement of damages, a true and correct copy of which is attached hereto as Exhibit "C" and incorporated herein by this reference.

    b. On June 9, 2011, Plaintiff served Defendants with his Response to Defendants' Request for Statement of Damages, a true and correct copy of which is attached as Exhibit "D."  Plaintiff alleges lost income and benefits in the amount of $135,333.33, mental and emotional distress damages in the amount of $125,000, and damages for the violation of Government Code and Public Policy in the amount of $85,000.  In diversity cases where the amount in controversy is in dispute, a reviewing court may look beyond allegations in the complaint and consider other evidence relevant

| CASE NO.: | 5 | NOTICE OF REMOVAL OF ACTION (DIVERSITY) |

1    to the amount in controversy at the time of removal. *Valdez v. Allstate Ins. Co.* (9th Cir.

2    2004) 372 F.3d 1115, 1117.

3       c. Counsel's representation is a specific fact supporting the finding that the

4    potential damages satisfy the jurisdictional minimum. See *Ajimatanrareje v.*

5    *Metropolitan Life Ins. Co.* (N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 7339, at *4, n. 3.

6       d. Plaintiff also seeks punitive damages in an unspecified amount. [Exh. "D"

7    pg. 2, lns. 6.] Punitive damages are also included in calculating the amount in

8    controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d

9    785, 787; see also *Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332. The

10   potential punitive damage award against defendants such as IR alone may satisfy the

11   amount in controversy. Although Defendants vigorously deny Plaintiff's allegations, if

12   Plaintiff were to prevail, the punitive damages alone could exceed the $75,000

13   jurisdictional minimum.

14       e. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for

15   amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be

16   entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial*

17   *Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994)

18   20 F.3d 383, 386-387.   In *Aucina v. Amoco Oil Co.*, the defendant-employer established

19   the amount in controversy exceeded the jurisdictional minimum where the former

20   employee asserted claims for lost wages, lost benefits, mental anguish, and punitive

21   damages. The court noted that the defendant was a Fortune 500 Company, and that

22   "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter

23   others from similar conduct" the plaintiff's claim for punitive damages "might alone"

24   exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

25       f. Plaintiff's claim for attorney fees provides an independent basis for

26   concluding that the amount in controversy exceeds $75,000. The measure of fees should

27

28

| CASE NO.: | 6 | NOTICE OF REMOVAL OF ACTION (DIVERSITY) |

1  be the amount that can reasonably be anticipated over the course of the litigation, not
2  merely those already incurred.  *Simmons v. PCR Technology*, *supra*, 209 F. Supp.2d at
3  1034-1035.  Plaintiff's lead attorney Eric V. Luedtke, Esq. was admitted to practice in
4  California in 1994.  *See* California State Bar website for Mr. Luedtke's member
5  information at http://members.calbar.ca.gov/fal/Member/Detail/172360.  Defendants'
6  attorney, Nikki Wilson has represented employers in employment litigation for
7  approximately 9 years in California, and is familiar with fees requested by plaintiff's
8  counsel in similar actions filed in California state and federal courts alleging Fair
9  Employment and Housing Act violations and related claims.  Based on Mr. Luedtke's
10  experience and the allegations in Plaintiff's complaint, it would not be unreasonable to
11  expect that Plaintiff's attorney fees will exceed the sum of **$75,000**.

12  16.    Based on Plaintiff's allegations in the Complaint, and for the reasons stated in the
13  preceding paragraph, the amount in controversy herein is greater than $75,000.

14  <u>**REMOVAL JURISDICTION AND VENUE**</u>

15  17.    This Notice of Removal is filed within thirty (30) days after Defendants were first
16  served with Plaintiff's Response to Defendants' Request for Statement of Damages,
17  which identified that the amount in controversy exceeded $75,000 and is therefore filed
18  within the time period mandated by 28 U.S.C. § 1446(b).

19  18.    Venue lies in the United States District Court for the Central District of California
20  pursuant to 28 U.S.C. Section 1391(a) and 1441(a) because the state action was filed in
21  this District and this is the judicial district in which the action arose.

22  ///
23  ///
24  ///
25  ///
26  ///
27

| CASE NO.: | 7 | NOTICE OF REMOVAL OF ACTION (DIVERSITY) |
| --- | --- | --- |

1     WHEREFORE  Defendants  Ingersoll-Rand  Corporation  and  Ingersoll-Rand

2  Industrial Refrigeration, Inc. pray that the above-action now pending against them in the

3  Superior  Court  of  the  State  of  California,  County  of  San  Bernardino,  be  removed

4  therefrom to this Court.

5

6

7

8  DATED:  July 8, 2011       JACKSON LEWIS LLP

9

10             By:                                                                        
                                       Joel P. Kelly

11                                     Nikki L. Wilson

12                                     Attorneys for Defendants
                                     INGERSOLL-RAND COMPANY and

13                                     INGERSOLL-RAND INDUSTRIAL
                                     REFRIGERATION, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| CASE NO.: | 8 | NOTICE OF REMOVAL OF ACTION (DIVERSITY) |

# EXHIBIT A

1   ERIC V. LUEDTKE, ESQ. - STATE BAR #172360
2   LAW OFFICES OF ERIC V. LUEDTKE
    3230 E. Imperial Highway, Suite 208
    Brea, California 92821
3   Telephone No. (714) 579-1700
    Facsimile No. (714) 579-1710
4
5   Attorneys for Plaintiff,
    Tom Evans

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           IN AND FOR THE COUNTY OF SAN BERNARDINO

10

11  TOM EVANS,                    )   CASE NO.:  CIVRS 1101307
                                  )
12          Plaintiff,            )   COMPLAINT
                                  )
13      vs.                       )
                                  )   1)  Discrimination Against
14  INGERSOLL-RAND COMPANY;       )       Age
    INGERSOLL-RAND INDUSTRIAL     )   2)  Discrimination Against
15  REFRIGERATION, INC.; and DOES )       Race/National Origin
    1 through 20, Inclusive,      )   3)  Violation of
16                                )       Government Code §12940
                                  )   4)  Intentional Infliction
17          Defendants.           )       of Emotional Distress
                                  )   5)  Termination in
18  _____)       Violation of Public
                                          Policy
19
                                      DEPT:
20
                                      Trial Date: None
21

22

23  Plaintiff alleges as follows:

            FACTS COMMON TO ALL CAUSES OF ACTION
24
        1.  Plaintiff, Tom Evans (hereinafter "Plaintiff") was
25
    employed with Defendants INGERSOLL-RAND COMPANY and INGERSOLL-
26
    RAND INDUSTRIAL REFRIGERATION, INC. and its subsidiaries
27
    (hereinafter "Defendants") for almost 15 years. Defendants are
28

                                   1

                              COMPLAINT

                                          Exhibit A Page 9

1  corporations doing business in the State of California, County of

2  San Bernardino, city of Chino.  All of the employment practice

3  complained of herein took place in the city of Chino, County of

4  San Bernardino, State of California.

5     2.  The decision to ultimately terminate Plaintiff was made

6  by Defendants.  Plaintiff was hired on or about March 17, 1994.

7  At the time of termination Plaintiff's official title was Quality

8  Control Inspector.  In a continuing effort to discriminate and

9  harass Plaintiff, Defendants allowed a Jose Rodriguez to

10  discriminate against Plaintiff and other anglo-american workers.

11  Jose Rodriguez repeatedly asked Plaintiff when he was going to

12  retire.  When Plaintiff finally indicated that he planned to work

13  until he was 67, Jose Rodriguez took his office away from him and

14  put a Hispanic in Plaintiff's office.

15     3.  Plaintiff's experience and qualifications were vast as

16  he had extensive experience in being a Lead man as well as

17  Quality Control.  Plaintiff trained virtually all other workers

18  that remained after he was terminated.  Jose Rodriguez, George

19  Marquez, and Sal Michele are all of Hispanic descent and

20  discriminated against Plaintiff.  Jose Rodriguez came from Tecate

21  Mexico, and terminated white anglo americans and replaced them

22  with Hispanic males and well as Hispanic's that he was related

23  too.  Individual's that were hired within an year before and

24  after Plaintiff's termination were all under the age of forty

25  and/or substantially younger than Plaintiff.

26     4.  Plaintiff's employment began on or about March 17, 1994.

27  Throughout Plaintiff's employment with Defendants, he was more

28  than a satisfactory employee, was reliable, loyal, and was a

2

COMPLAINT

Exhibit A  Page 10

1  dedicated member of Defendants's team.  Throughout Plaintiff's
2  tenure of employment, his performance exceeded expectations and
3  Plaintiff received many commendations as to his excellent job
4  performance.  At no time prior to his termination was Plaintiff
5  ever given notice or was told that Plaintiff's position would be
6  eliminated due to any reason.

7     5.   Likewise, Plaintiff was never disciplined at any time
8  during his year tenure with Defendants.  Unfortunately, on or
9  about February 6, 2009, Defendants told Plaintiff he was being
10 terminated due to his job being eliminated and a reduction in
11 force.  Throughout Plaintiff's tenure, Plaintiff received many
12 letters of commendation.

13    6.  Plaintiff had more seniority than any other employee
14 within his Department at the time that he was terminated.
15 Plaintiff was made fun of because he did not speak or understand
16 Spanish.  This was done by Jose Rodriguez.  Mr. Rodriguez would
17 say in English that could barely be understood after he joked
18 with Spanish workers, "oh you can not understand Spanish, too
19 bad.  You will not be here long, don't worry."

20    7.  After Jose Rodriguez was hired by defendants, Plaintiff
21 complained to Geroge Marquez of Human Resources regarding the
22 racial discrimination and the fact that Jose Rodriguez would give
23 him commands in spanish which he could not understand.  The Human
24 Resource person initially told him not to worry about it;
25 thereafter after making a second request to Human Resources, Mr.
26 Marquez told Mr. Evans that he would look into it and get back to
27 him with the results of his investigation.  Mr. Marquez never
28 followed up with Plaintiff.  Plaintiff also gave Mr. Marquez

3.

1  several names to speak with regarding racial discrimination.
2  After Mr. Rodriguez was hired, Plaintiff's experienced
3  discrimination and a hostile work environment.
4  Instead of properly investigating same, Defendants acted in bad
5  faith, ignored Plaintiff's complaints and began retaliating
6  against Plaintiff.  Plaintiff also called an anonymous 800 number
7  to report his complaints of discrimination.

8      8.  Another employees hired after Plaintiff, and within the
9  last year of Plaintiff's employment were given Plaintiff's job
10 duties; said co-workers had been trained by Plaintiff and were
11 substantially younger than Plaintiff and/or under the age of
12 forty.  Said individuals who took over Plaintiff's job and
13 responsibilities were also of Hispanic descent, were less
14 qualified, had less experience than Plaintiff, and had been
15 employed with defendants for only a short time.  Plaintiff was
16 also denied promotion; in some cases, Plaintiff was denied for
17 even applying for a job.

18     9.  Further, Mr. Rodriguez was allowed to conduct his own
19 personal business on company time using company resources and
20 products.  Plaintiff was excluded and retaliated against by Mr.
21 Mr. Rodriguez and Mr. Marquez.  The white employees under the
22 control of Jose Rodriguez were made fun of because they could not
23 speak English.  Even when Plaintiff kindly asked if English could
24 be spoken to him and in front of him, Jose Rodriguez said laughed
25 and said, "Spanish is the Language round here.  If you do not
26 like, you should get the that fuck out of here."

27     10. Defendants, via Mr. Rodriguez took away Plaintiff's
28 office in order to force him to quit and in an attempt to

4

---

COMPLAINT

1    humiliate him and get him to quit.

2        11. Plaintiff was subjected to a hostile work environment
3    where he was not protected from 1) his superiors abuse and
4    discrimination as well as his co-workers; 2) discrimination and
5    retaliation based upon age and race; and 4) being constantly
6    ignored, singled out and harassed, discriminated against and
7    suffering adverse employment actions based upon the above.  In
8    addition, Plaintiff also suffered adverse employment
9    actions(failure to promote) up to and including termination for
10   exercising his rights, making well founded complaints, refusing
11   to quit, resign and/or give in to the discrimination and
12   harassment.

13       12. Defendants terminated Plaintiff even though Plaintiff's
14   skills, knowledge, qualifications, etc. were superior to others
15   in his department and similarly situated.

16       13. Plaintiff is over the age of 40 years old and is a
17   member of a protected class.  At the time of his termination,
18   Plaintiff was fifty-seven(57) years old.  In addition, the person
19   who took over the majority of Plaintiff's job responsibilities,
20   was less qualified, had less experience than Plaintiff, and was
21   substantially younger than Plaintiff, less seniority, and was of
22   Hispanic descent.

23       14. Plaintiff was promptly and swiftly terminated and was
24   offered no other positions or given the chance to take other
25   employment within any of Defendants' companies.  At the time of
26   termination, Plaintiff asked whether it was likely that he would
27   be re-hired and asked to come back to work.  Plaintiff's
28   supervisor, stated that if he were Plaintiff, he would not wait

                              5

                          COMPLAINT

1 for a job from Defendants and that he, Plaintiff should not count
2 on coming back to work with Defendants. Defendant's alleged
3 business reason of reducing costs, eliminating Plaintiff's
4 position, and reduction/job elimination were merely a pretext to
5 hide a bad faith termination based upon the causes of action
6 stated below in this complaint.

7     15. Jose Rodriguez, after taking away Plaintiff's office,
8 further harassed Plaintiff by taking away his office and then
9 putting Plaintiff of the manufacturing floor to do his work which
10 involved zebra printing, wire diagrams, editing and working with
11 the lab engineers.

12     16. Defendants terminated Plaintiff instead of other
13 employees within Plaintiff's department. Plaintiff was the
14 oldest employee at the Chino office in his department. Plaintiff
15 was also the only employee who was terminated as part of the
16 layoff in or on February 6th, 2009 in Chino. Plaintiff's job was
17 never eliminated, and this was a lie from Defendants.

18     17. Mr. Rodriguez would speak spanish to Plaintiff, and
19 then laugh in his face. Mr. Rodriguez told Plaintiff on one
20 occasion that he was an old man and needed to move quicker.

21     18. Employee Lou Duhaime also complained to Human Resources
22 about Jose Rodriguez and his discrimination against white
23 employees. Nothing was done about this.

24     19. Plaintiff complained on a continual basis of various
25 Labor Code violations, in addition to the discrimination stated
26 above in this complaint and was retaliated for doing so. For
27 example, Plaintiff complained of violation of Labor Code Sections
28 98.6(complain of wage violations).

COMPLAINT

Exhibit A Page 14

20. The Human Resources and Plaintiffs direct supervisors, including, did nothing to protect Plaintiff from the harassment, discrimination and retaliation he suffered. In fact, the Human Resource department retaliated and discriminated against Plaintiff for exercising his rights and expressing just complaints and concerns. All complaints from Plaintiff, from late 2008 up through his termination, were ignored by Defendants(immediate supervisor as well as upper management and human resources.)

21. Plaintiff attempted to follow the alleged company policy in reporting claims of discrimination and harassment but was simply ignored and interfered with by Defendants in attempting to voice his concerns and follow appropriate procedure. Instead of making a good faith investigation into Plaintiff's complaints, Defendants elevated hostility by ratifying the discriminatory conduct which lead to Plaintiff's termination.

22. Plaintiff is and was at all times a resident of the County of Orange, the State of California and worked in same county of San Bernardino, city of Chino for Defendants during his entire tenure with Defendants.

23. Defendants at all times herein mentioned are entities operating as California and a foreign corporation and/or business in the City of Chino, County of San Bernardino, of the State of California. The unlawful employment practices complained of herein occurred in San Bernardino County, California.

24. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names.

7

1  Plaintiff will amend this complaint to allege their true names
2  and capacities when ascertained.  Plaintiff is informed and
3  believes and thereon alleges that each of the Defendants
4  fictitiously named herein is indebted and liable to Plaintiff as
5  herein set forth.

6      25. Plaintiff is informed and believes and thereon alleges
7  that at all relevant times, except where otherwise indicated,
8  each Defendant was the agent, servant, or employee of each
9  remaining Defendant, and was at all such times, except where
10 otherwise indicated, acting within the scope and purpose of such
11 agency, and that each act of each Defendant was authorized and
12 ratified by each remaining Defendant.

13     26. As a direct and proximate result of the unlawful conduct
14 on the part of Defendants, and each of them, as alleged herein,
15 plaintiff has suffered the loss of earnings and employment
16 benefits in an amount yet unascertained, but subject to proof at
17 trial.

18     27. As a direct and proximate result of the unlawful conduct
19 on the part of Defendants, and each of them, as alleged herein,
20 plaintiff has suffered and continues to suffer injury, pain and
21 suffering, loss of self esteem, humiliation, mental anguish and
22 emotional distress, all to Plaintiff's damage in an amount to be
23 proven at trial, in excess of the threshold jurisdiction of this
24 court.

25     28. As a direct and proximate result of Defendants'
26 discriminatory conduct as described herein, Plaintiff is entitled
27 to recover general, special and other compensatory damages in
28 amounts to be proven at trial.  Plaintiff is also entitled to

8

COMPLAINT

1   recover reasonable attorneys' fees and costs of suit as provided
2   by California Government Code Section 12965(b).

3        29. The conduct of Defendants, and each of them, as alleged
4   herein, was malicious, fraudulent, oppressive and despicable, in
5   that Defendants, and each of them, acted with full knowledge of
6   the unlawfulness of such acts, and with conscious disregard of
7   the consequence to Plaintiff, as alleged herein, and with intent
8   to harass and discriminate against Plaintiff, and in willful,
9   conscious, wanton and reckless disregard for Plaintiff's rights
10  and for the deleterious consequences and cruel and unjust
11  hardship resulting to Plaintiff. Consequently, Plaintiff is
12  entitled to exemplary and punitive damages from all defendants.

13                      ADMINISTRATIVE PROCEDURES

14       30. On or about February 4, 2010, Plaintiff filed a charge
15  of discrimination with the California Department of Fair
16  Employment and Housing (DFEH) and at the same time requested a
17  right-to-sue letter.  A true and correct copy of said charge was
18  served on Defendants.

19       31. On or about February 09, 2010, Plaintiff received his
20  Right to Sue Notice from the DFEH.

21                      FIRST CAUSE OF ACTION

22                        AGE DISCRIMINATION

23                (Against Defendants and all Does)

24       32. Plaintiff hereby repeats, re-alleges and repleads
25  paragraphs 1 through 31 and incorporates the same as though fully
26  set forth herein.

27       33. Plaintiff is a male who is over forty years of age and
28  was 57 at the time of his termination.

9

---

COMPLAINT

34. This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940-41 of the Government Code, which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's age, and the corresponding regulations of the California Fair Employment and Housing Commission.

35. Substantially younger employees and/or those not over the age of forty as compared to Plaintiff were not terminated and were given Plaintiff's position and job responsibilities.  Other employees, with less seniority, less experience, and substantially younger than Plaintiff received more favorable treatment and were not terminated.

36. The conduct of defendants, and each of them as alleged herein, constitutes unlawful discrimination on account of age discrimination in violation of California Government Code Sections 12940-41 et seq. in that Plaintiff was singled out for differential treatment.  Plaintiff was discriminated against in his employment by reason of his age.

37. At all times mentioned in this complaint, Defendants regularly employed/employs more than 100 persons.

38. None of the discriminatory or retaliating conduct of defendant(s), or any of them as alleged herein, was based upon a bona fide performance problem, legitimate business reason or occupational qualification.

39. Plaintiff believes and alleges that plaintiff's age was a substantial and determining factor in defendant employer's decision to fail to promote, harass, annoy, threaten, attempt to force Plaintiff to retire, terminate and discriminate against

10

1  Plaintiff.

2      40. As a direct, foreseeable, and proximate result of

3  defendants' discriminatory acts, plaintiff has suffered and

4  continues to suffer substantial losses in earnings, benefits, and

5  has suffered and continues to suffer humiliation, embarrassment,

6  mental and emotional distress, and discomfort, all to plaintiff's

7  damage in an amount in excess of the jurisdictional limit, the

8  precise amount of which will be proven at trial.

9      41. Defendant and all does committed the acts described in

10 this complaint oppressively, maliciously, and with the intent to

11 harm Plaintiff, entitling Plaintiff to an award of punitive

12 damages against defendants in an amount appropriate to punish and

13 make an example of defendants.

14              SECOND CAUSE OF ACTION

15          NATIONAL ORIGIN/RACE DISCRIMINATION

16            (Against Defendants and all Does)

17     42. Plaintiff hereby repeats, re-alleges and repleads

18 paragraphs 1 through 41 and incorporates the same as though fully

19 set forth herein.

20     43. Plaintiff is a male who is white, and is anglo-saxon.

21 Plaintiff's speaks English and cannot understand Spanish.

22 Plaintiff was made fun of by Jose Rodriguez for not speaking

23 Spanish and Jose Rodriguez made fund of Plaintiff in Spanish and

24 would speak Spanish to his face and laugh.

25     44. This cause of action is brought pursuant to the

26 California Fair Employment and Practices Act, section 12940-4 of

27 the Government Code, which prohibits discrimination against a

28 person in the terms, conditions, or privileges of employment on

                          11

                    _____

                        COMPLAINT

1  the basis of the person's national origin, and the corresponding
2  regulations of the California Fair Employment and Housing
3  Commission.
4      45. Based upon information and belief, no white employees
5  were hire by Defendants within Plaintiff's department after Jose
6  Rodriguez was hired and Jose Rodriguez let many white employees
7  go and hired only those of Hispanic descent.
8      46. The conduct of defendants, and each of them as alleged
9  herein, constitutes unlawful discrimination on account of
10  national origin in violation of California Government Code
11  Sections 12940 and 12941 in that Plaintiff was singled out for
12  differential treatment, terminated, and deprived of his
13  employment by reason of his national origin and race, that being
14  white as was Plaintiff's race/national origin.
15      47. At all times mentioned in this complaint, Defendants
16  regularly employed more than 100 persons.
17      48. None of the discriminatory or retaliating conduct of
18  defendants, or any of them as alleged herein, was based upon a
19  bona fide performance problem or occupational qualification.
20      49. Plaintiff was at least as qualified, and based upon
21  information and belief, more qualified to perform the duties of
22  his job as any other within his department as well as those that
23  remained employed after Plaintiff was terminated who were not
24  white but of Hispanic descent.
25      50. Plaintiff believes and alleges that plaintiff's national
26  origin/race was a substantial and determining factor in defendant
27  employer's decision to terminate Plaintiff.
28      51. As a direct, foreseeable, and proximate result of

12

1  defendants' discriminatory acts, plaintiff has suffered and
2  continues to suffer substantial losses in earnings, job benefits,
3  and has suffered and continues to suffer humiliation,
4  embarrassment, mental and emotional distress, and discomfort, all
5  to plaintiff's damage in an amount in excess of the
6  jurisdictional limit, the precise amount of which will be proven
7  at trial.
8      52. Defendant and all does committed the acts described in
9  this complaint oppressively, maliciously, and with the intent to
10  harm Plaintiff, entitling Plaintiff to an award of punitive
11  damages against defendants in an amount appropriate to punish and
12  make an example of defendants.
13              THIRD CAUSE OF ACTION
14      FAILURE TO PREVENT DISCRIMINATION UNDER THE FEHA
15          (Against Defendants and all Does)
16      53. Plaintiff hereby repeats, re-alleges and repleads
17  paragraphs 1 through 52 and incorporates the same as though fully
18      54. At all times mentioned in this complaint, Government
19  Code section 12940(k) was in full force and effect and was
20  binding on defendants.  This subsection requires defendants to
21  take all reasonable steps necessary to prevent discrimination and
22  harassment from occurring.  As alleged above, defendants violated
23  this subsection by failing to take all reasonable steps necessary
24  to prevent discrimination and harassment from occurring.
25      55. Defendant had knowledge of Plaintiff's and other
26  employees claims of harassment and discrimination in violation of
27  Government Code Section 12940 et seq.  Nonetheless, Defendant did
28  nothing to protect employees from offenders of the law.

13

1   Plaintiff rejected Defendants discrimination by complaining to
2   his supervisor.  Defendants never made a good faith investigation
3   nor did they ever respond to, question, or interview Plaintiff in
4   any way shape or form.  Plaintiff was harassed, discriminated
5   against and eventually terminated due to his complaints.

6      56. The Human Resource Department also did not respond in
7   any way or advise employees after events of discrimination or
8   hold proper training seminars on harassment and discrimination to
9   prevent further discrimination and harassment.  In short, based
10  upon Defendants failure to take any steps to respond to
11  Plaintiff's complaints of discrimination or to prevent
12  discrimination and harassment from occurring in its workplace,
13  Defendants ratified the conduct and age discrimination which led
14  to Plaintiff's termination.

15     57. As a proximate result of defendants' conduct, Plaintiff
16  has suffered and continues to suffer humiliation, emotional
17  distress, and mental and physical pain and anguish, all to his
18  damage in a sum according to proof.

19     58. Defendants' conduct as described above was willful,
20  despicable, knowing, and intentional; accordingly, plaintiff
21  seeks an award of punitive and exemplary damages in an amount
22  according to proof.

23     59. Plaintiff has incurred and continues to incur legal
24  expenses and attorney fees.  Plaintiff is presently unaware of
25  the precise amount of these expenses and fees and prays leave of
26  court to amend this complaint when the amounts are more fully
27  known.

28   /   /   /

Exhibit A   Page 22

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (Against Defendants and all Does)

60. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 59 and incorporates the same as though fully set forth herein.

61. Defendant's actions as herein alleged were outrageous and outside the scope of acceptable behavior in a civilized society.

62. In doing the acts herein alleged, defendants intended to cause, or acted with a reckless disregard of the probability of causing, plaintiff to suffer emotional distress.

63. As a proximate result of defendants' actions as herein alleged, Plaintiff suffered, and continues to suffer, severe mental and emotional distress, all to his damage in an amount to be proven at trial but in excess of the jurisdictional threshold of this court.

64. In doing the acts herein alleged, Defendants knew that their actions were unlawful, but nonetheless committed such acts maliciously, fraudulently, oppressively, and despicably, and with the wrongful intention of injuring plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights.  Plaintiff is therefore entitled to an award of punitive damages against defendants, and each of them, in an amount to be determined by this court.

/ / /

/ / /

/ / /

15

Exhibit A Page 23

FIFTH CAUSE OF ACTION

TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against All Defendants and all Does)

65. Plaintiff hereby repeats, re-alleges and repleads paragraphs 1 through 64 and incorporates the same as though fully set forth herein.

66. Plaintiff alleges that Defendants termination of Plaintiff was in violation of the public policy as expressed both in California Constitution Article I, section 8 which prohibits discrimination against employees and Section 12940 et seq. of the Government Code.  The above described conduct of Defendants also constitutes age discrimination, harassment and retaliation, and wrongful termination of Plaintiff in violation of public policy embodied in the FEHA.

67. As a direct, foreseeable, and proximate result of defendant employer's wrongful termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount in excess of the jurisdictional limit, the precise amount of which will be proven at trial.

68. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against defendant employers in an amount

16

1 │ appropriate to punish and make an example of defendants.

2 │     69. The acts, conduct and negligence of defendants caused

3 │ Plaintiff to suffer emotional distress and, as a result thereof,

4 │ Plaintiff has suffered damages as set out in this complaint in

5 │ amounts to be proven at the time of trial.

6 │ **REQUEST FOR JURY TRIAL**

7 │ Plaintiff requests a trial by jury.

8 │ **PRAYER FOR RELIEF**

9 │     WHEREFORE, Plaintiff prays judgment against defendants, for

10 │ each cause of action, as follows:

11 │     1. For general and compensatory damages in an amount

12 │ according to proof;

13 │     2. For mental and emotional distress damages on each cause

14 │ of action;

15 │     3. For exemplary and punitive damages in an amount

16 │ appropriate to punish defendants and set an example for others as

17 │ to all causes of action;

18 │     4. For an award of interest, including prejudgment interest,

19 │ at the legal rate;

20 │     5. For an award of attorney fees;

21 │     6. For costs of suit herein incurred;

22 │     7. For a trial by jury; and

23 │ / / /

24 │ / / /

25 │ / / /

26 │ / / /

27 │ / / /

28 │ / / /

17

Exhibit A  Page 25

1    8. For such other and further relief as the court may deem

2  just and proper.

3      Respectfully submitted,

4

5  Dated: February 7, 2011        LAW OFFICES OF ERIC V. LUEDTKE

6

7                                 By: _____

8                                 Eric V. Luedtke, Esq.
                                   Attorneys for Plaintiff,
9                                  Tom Evans

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

Exhibit A Page 26